IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN M. DAVIS,

            Plaintiff,                           ORDER

     v.                                  13-cv-412-wmc

DR. MANUEL JOSEPH and DMITRIY
CHESTER, RN,

            Defendants.

---

      Pursuant to 42 U.S.C. § 1983, state inmate Glenn Davis has been granted leave to proceed with claims under the Eighth Amendment for deliberate indifference to his need for adequate pain medication.  The Department of Justice recently accepted service for the defendants, Dr. Manuel Joseph and Registered Nurse Dmitriy Chester, whose answer is not yet due.  Alleging that the defendants are "hiding evidence" that he suffers from "liver damage due to [T]ylenol poisoning," Davis has filed a motion for summary judgment on his behalf and immediate release from custody.  The motion will be denied for reasons set forth briefly below.

      Plaintiff's motion for summary judgment on his Eighth Amendment is premature. In that respect, requests for summary judgment typically are not made until the defendants have appeared and both parties have had the opportunity to conduct at least a modicum of discovery, which is not triggered until the court has held an initial pretrial conference. *See* Fed. R. Civ. P. 26(a).  Accordingly, his motion for summary judgment will be denied without prejudice at this time.

To the extent that Davis seeks his immediate release from custody, such claims are actionable only under the federal habeas corpus statutes. *See Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because his request for release is not one that can be considered under 42 U.S.C. § 1983, this claim will be dismissed without prejudice to re-filing this request in a separate federal habeas corpus proceeding.[1]

## ORDER

IT IS ORDERED that:

1. Glenn Davis' motion for summary judgment on his Eighth Amendment claims (dkt. #15) is DENIED without prejudice as premature.

2. Plaintiff's request for immediate release (dkt. # 15) is DISMISSED without prejudice to re-filing in a federal habeas corpus proceeding.

Entered this 28th day of October, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] The court hastens to add that Davis' pleading of deliberate indifference to his need for pain medication would not constitute (at least by itself) a basis for release from custody in any event. In that respect, Davis would have to meet the prerequisites found in 28 U.S.C. §§ 2241, 2254, and comply with all procedural requirements before seeking habeas corpus relief in federal court.

2