IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLENN M. DAVIS,

                    Plaintiff,                                        OPINION AND ORDER

         v.
                                                                        13-cv-412-wmc

MANUEL JOSEPH and
DMITRIY CHESTER,

                    Defendants.[1]

---

Plaintiff Glenn M. Davis filed this civil action under 42 U.S.C. § 1983, alleging that he was denied adequate medical care for chronic back pain at the Milwaukee Secure Detention Facility. Defendants have filed a motion for summary judgment, arguing that the complaint must be dismissed because Davis failed to exhaust available administrative remedies with respect to his claims. (Dkt. # 20.) Davis filed a response. (Dkt. # 25.) For reasons set forth below, the court will grant defendants' motion and dismiss the complaint without prejudice.

FACTS

Davis reportedly suffers from chronic pain as the result of a serious back injury. When Davis filed his complaint he was incarcerated by the Wisconsin Department of Corrections at the Milwaukee Secure Detention Facility ("MSDF"). Defendants, Dr. Manuel Joseph and Nurse Dmitriy Chester, are employed at MSDF as health care

---

[1] The complaint originally named "Dr. Josheph and Dr. Chester" as the defendants. Pleadings submitted by the state clarify that the defendants' actual names are Dr. Manuel Joseph, who is a medical doctor, and Dmitriy Chester, who is a registered nurse. The court has corrected the defendants' names accordingly.

providers.

On May 1, 2013, Davis filed an offender complaint (MSDF-2013-8726) alleging that "doctors at HSU" refused to give him Oxycodone for his back pain.  Instead, he was given Tylenol #3, which was not adequate to treat his pain.  An Inmate Complaint Examiner reviewed Davis's medical records and observed that at various times he had been given Naproxen, Tylenol, Tylenol # 3, Ibuprofen and Gabapentin for back pain. (Dkt. # 24, Exh. 102.)  Noting that Davis continued to receive care from medical staff, the examiner recommended dismissing the complaint.  In reviewing the examiner's report, another official noted further that Davis had been assessed and evaluated by "advanced care providers at MSDF and an off-site specialist for his medical condition." Based on this information, Davis's complaint was dismissed on June 3, 2013.

Davis filed at least two other complaints (MSDF-2013-10812 & MSDF-2013-11018), specifically asking for Oxycodone to treat his chronic back pain.  (Dkt. # 24, Exh. 103 & 104.)  These complaints were dismissed for the same reasons as the previous complaint (MSDF-2013-8726).

In another complaint (MSDF-2013-13840), Davis alleged that he did not receive the correct medication and accused a staff member of stealing his Tylenol #3.  (Dkt. # 24, Exh. 105).  This complaint was dismissed for lack of evidence.

On June 11, 2013, Davis filed suit under 42 U.S.C. § 1983, alleging that defendants refused to provide adequate pain medication and intentionally misdiagnosed his condition by failing to consider X-rays and MRI results available from his private physicians.  After reviewing the complaint as required pursuant to the Prison Litigation

Reform Act ("PLRA"), 28 U.S.C. § 1915A, this court granted Davis leave to proceed with a claim for denial of adequate medical care in violation of the Eighth Amendment.

Noting that Davis did not appeal the adverse decision on any of the grievances that he filed concerning his medical care at MSDF, defendants move for summary judgment on the grounds that he did not exhaust available administrative remedies as required by 42 U.S.C. § 1997a(e).

OPINION

The purpose of summary judgment is to determine whether the parties have gathered and can present enough evidence to support a jury verdict in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). Summary judgment is appropriate if there are no genuinely disputed material facts, and if on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The applicable substantive law will dictate which facts are material. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). A factual dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Roger Whitmore's Auto. Serv., Inc. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005).

In determining whether a genuine issue of material fact exists, the court must construe all facts in favor of the nonmoving party. *Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). Even so, the non-movant may not simply rest on the allegations in his pleadings; rather, he must respond by presenting specific facts that

would support a jury's verdict in his favor on his claims.  *Hunter v. Amin*, 583 F.3d 486, 489 (7th Cir. 2009); *Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 439 (7th Cir. 2005).

Here, plaintiff fails to offer any threshold proof that he exhausted his administrative remedies.  Indeed, the evidence is very much to the contrary, meaning that defendants' are entitled to summary judgment.

The PLRA prohibits any civil action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions.  *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") in all state adult correctional facilities so that inmate grievances about prison conditions may be expeditiously raised, investigated and decided. *See* Wis. Admin. Code § DOC 310.04. Once an inmate files a formal complaint, an Inmate

Complaint Examiner ("ICE") is assigned to investigate and recommend a decision to the "appropriate reviewing authority," such as a warden, bureau director, administrator or designee who is authorized to review and decide an inmate complaint at the institution level. *Id.* at § DOC 310.07(2). An ICE may return a complaint to the inmate if it does not comply with ICRS procedure. *Id.* at § DOC 310.07(1). If an inmate has submitted a proper complaint in compliance with ICRS procedure, *see id.* at § DOC 310.11(5), he has the right to appeal any adverse decision to the Corrections Complaint Examiner ("CCE"), who will review the complaint and make a recommendation to the Office of the Secretary. *See id.* at § DOC 310.13. The Secretary of the Wisconsin Department of Corrections shall review the CCE's report and make a final decision. *See id.* at § DOC 310.14.

Davis concedes that he did not pursue an appeal from any of the adverse decisions on the grievances he filed regarding his medical care for back pain at MSDF. Davis explains that he did not submit an appeal because the proper forms were not available immediately when he asked and that by the time he received the proper forms it was "too late to file anyway." Davis argues, therefore, that an appeal would have been futile. There is, however, no futility exception to the PLRA exhaustion requirement. *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). As the Seventh Circuit has recognized, "[n]o one can *know* whether administrative requests will be futile; the only way to find out is to try." *Id*. at 536 (emphasis in original).

The Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, 548 U.S.

81, 93 (2006), which demands compliance with prison procedural rules.  As the Supreme Court has recognized, "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  *Porter*, 534 U.S. at 524.   By requiring exhaustion of administrative remedies, Congress hoped that "corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation."  *Id.* (citing *Booth*, 532 U.S. at 737).  In addition to filtering out potentially frivolous claims, Congress also believed that internal review would facilitate adjudication of cases ultimately brought to court by giving prison officials an opportunity to develop an administrative record that clarifies the contours of the controversy.  *Id.* (citations omitted).

By failing to pursue an appeal when forms were available to him, or to follow up and file as soon as possible, Davis deliberately bypassed this step in the administrative review process at MDSF.  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  In that respect, the Supreme Court has made clear that prisoners may not deliberately bypass the administrative process by flouting an institution's procedural rules.  *See Woodford*, 548 U.S. at 96-98.  Plaintiff's failure to complete the grievance process violates the PLRA's exhaustion requirement found in § 1997e(a), which mandates exhaustion *before* filing suit. Because it is undisputed that plaintiff has failed to exhaust available

6

administrative remedies before filing suit in federal court, his complaint must be dismissed without prejudice.

## ORDER

IT IS ORDERED that:

1)  Defendants' motion for summary judgment (dkt. # 20) is GRANTED.

2)  The complaint is DISMISSED without prejudice for plaintiff Glenn Davis's failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).

Entered this 5th day of August, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

7